IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TONIA DIXON,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )   CIVIL ACTION NO. 08-CV-85-SLR
                                                )
                                                )
NEW CASTLE COUNTY,                              )
                                                )
                    Defendant.                  )

## DEFENDANT NEW CASTLE COUNTY's ANSWER TO PLAINTIFF's COMPLAINT

### Introduction

1.      With respect to paragraph 1, Defendant New Castle County admits that Plaintiff has asserted claims under the *Americans with Disabilities Act* ("ADA"), 42 U.S.C. §2000e *et seq.*, *Delaware Handicapped Persons in Employment Protections Act* ("DHPEPA"), and the *Family and Medical Leave Act*, 29 U.S.C. §2601, *et seq.*, but state that the averments in paragraph 1 merely contain legal conclusions to which no response is required. To the extent a response is required, denied.

2.      The averments in paragraph 2 of the Complaint state conclusions of law to which no response is required, and therefore denied.

3.      The averments in paragraph 2 of the Complaint state conclusions of law to which no response is required, and therefore denied.

4.      Upon information and belief, Plaintiff is a resident of Delaware. The remaining averments state conclusions of law to which no response is required, and therefore denied.

5.    Admitted only that New Castle County is a County and political subdivision of the State of Delaware, and that it maintains the New Castle County Department of Public Safety as an agency and department of the County. Further admitted that the County was established by duly adopted laws of the State of Delaware that speak for themselves. The remainder of the allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, denied.

6.    Admitted only that Plaintiff instituted a Charge of Discrimination with the EEOC and the Delaware Department of Labor ("DOL") and that the DOL issued determinations and other correspondence pertaining to the Charge, all of which speak for themselves. To the extent a further response is required, denied.

7.    Upon information and belief, admitted, Plaintiff was employed by New Castle County as a Part Time Emergency Call Operator ("ECO") in August 1997. To the extent a further response is required, denied.

8.    Admitted only that the Division of Emergency Communications has shift work schedules. To the extent a further response is required, denied.

9.    Upon information and belief, admitted only that Plaintiff, at some time, had a "stroke". Defendant is without sufficient knowledge or information as to the truth of the remainder of this averment, and therefore denies the same.

10.    Upon information and belief, admitted only that Plaintiff had been employed for more than one year at the time of the "stroke" referred to in Paragraph 9. The remainder of this averment calls for legal conclusion to which no response is required. To the extent a further response is required, denied.

11.    Admitted only that Omega Medical Center ("Omega") was Defendant's medical consultant. To the extent a further response is required, denied.

12.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

13.    Admitted that Plaintiff has provided Defendants and/or Omega with purported medical documents, including medical documents which purport to be from Dr. Schrandt. Those documents speak for themselves. Admitted that Defendant has sent Plaintiff to Omega for medical evaluations. To the extent a further response is required, denied.

14.    See response to Paragraph 13 above. By way of further answer, Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

15.    See response to Paragraph 13 above. By way of further answer, Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

16.    Admitted only that Defendant is in possession of Plaintiff's time records which speak for themselves. By way of further response, Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

17.    See response to Paragraph 13 above. By way of further answer, admitted only that Defendant is in possession of Plaintiff's time records, which speak for themselves. Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

18.    See response to Paragraph 17 above. By way of further response, Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

19.    See response to Paragraph 17 above. By way of further response, Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

20.    Defendant is without sufficient knowledge or information as to the truth of the averment. To the extent a further response is required, denied.

21.    Admitted only that Plaintiff provided Defendant with a December 29, 2005 medical note which purports to be from Dr. Schrandt. The note speaks for itself. To the extent a further response is required, denied.

22.    Admitted only that Defendant directed Plaintiff to Omega on or about January 11, 2006. To the extent a further response is required, denied.

23.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

24.    Admitted only that Dr. Thomas evaluated Plaintiff on January 11, 2006 and that Dr. Thomas produced a medical report dated January 11, 2006, which speaks for itself. To the extent a further response is required, denied.

25.    Admitted only that on January 11, 2006 Omega issued a report which indicated that Plaintiff could not return to full-duty. Defendant is without sufficient knowledge or information as to the truth of this averment. To the extent a further response is required, denied.

26.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

27.    Admitted only that Defendant was provided a medical report which purports to be from Dr. Schrandt, dated January 17, 2006. The report speaks for itself. To the extent a further response is required, denied.

28.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

29.    Admitted only that Defendants received a January 19, 2006 medical note which purports to be from Dr. Balu. The note speaks for itself. To the extent a further response is required, denied.

30.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

31.    See response to Paragraph 13 above. By way of further answer, Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

32.    See response to Paragraph 13 above. By way of further response, admitted only that Plaintiff provided Defendant with a medical note dated January 27, 2006 which purports to be from Dr. Schrandt. The medical note speaks for itself. To the extent a further response is required, denied.

33.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

34.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

35.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

36.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

37.    See response to Paragraph 13 above. By way of further answer, Defendant is without sufficient knowledge or information as to the truth of the averment, and therefore denies the same.

38.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

39.    Admitted only that Kleckner sent Plaintiff a certified letter on or about February 8, 2006 and an email on February 10, 2006. The letter and the email speak for themselves. To the extent a further response is required, denied.

40.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

41.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

42.    See response to Paragraph 13 above. By way of further response, admitted only that Plaintiff was advised by Defendant that she would be scheduled for a medical examination by Dr. Katz. To the extent a further response is required, denied.

43.    Defendant is without sufficient knowledge or information as to the truth of this averment, and therefore denies the same.

44.    Admitted only that Dr. Thomas provided Defendant with a medical report dated February 24, 2006.  The report speaks for itself.  To the extent a further response is required, denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## Count I

49.    Defendant incorporates the responses to paragraphs 1 through 48 by reference as though fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

## Count II

53.    Defendant incorporates the responses to paragraphs 1 through 52 by reference as though fully set forth herein.

54.    Denied.

55.    Denied.

56.    Denied.

## Count V (sic)

57.    Defendants incorporate the responses to paragraphs 1 through 56 by reference as though fully set forth herein.

58.    Denied.

59.    Denied.

60.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

61.    Defendant's actions are not in violation of law as they were taken pursuant to the terms of the ADA, and/or the DHPEPA and/or the FMLA.

### SECOND AFFIRMATIVE DEFENSE

62.    Defendant's actions are not in violation of law as they were taken pursuant to established official county policy.

### THIRD AFFIRMATIVE DEFENSE

63.    Plaintiff's complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

64.    Plaintiff's claim is barred by the Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

65.    Plaintiffs damages, if any, under state law are limited by 10 Del. C. 4010, et seq.

### SIXTH AFFIRMATIVE DEFENSE

66.    The County is immune from liability for punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

67.    Defendant is immune from all claims since plaintiff has failed to comply with the notice requirements of New Castle County Code, Chapter 1, Sec. 1.01.011.

### EIGHTH AFFIRMATIVE DEFENSE

68.    The actions and conduct of the answering defendant, to the extent they

occurred as alleged, were undertaken in the good-faith performance of official county policy and law and were therefore privileged under the applicable law.

## NINTH AFFIRMATIVE DEFENSE

68. Any damages or injury, suffered by Plaintiff to the extent actually incurred, were not caused by any conduct of Defendant.

## TENTH AFFIRMATIVE DEFENSE

70. Plaintiff is not entitled to some or all of the relief sought in the Complaint as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff is not entitled to an award of compensatory and/or punitive damages on her claims.

## TWELTH AFFIRMATIVE DEFENSE

72. As a matter of law, Plaintiff was not illegally discriminated against within the meaning of the ADA, and/or the DHPEPA and/or FMLA.

## THIRTEENTH AFFIRMATIVE DEFENSE

73. As a matter of law, Defendant's consideration of Plaintiff's alleged disability is not illegal under the ADA and/or the DHPEPA and/or the FMLA.

## FOURTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver and/or laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

75. Defendant acted at all times lawfully and for legitimate, non-discriminatory, and non-retaliatory business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims fail, in whole or in part, because as a matter of law, Plaintiff is not entitled to protected class status.

## SEVENTEENTH AFFIRMATIVE DEFENSE

77.     Defendant preserves herein any and all affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in Defendant's favor and award Defendant costs, attorney's fees and such other relief as the Court deem appropriate.


NEW CASTLE COUNTY LAW DEPARTMENT


_/s/ Eric Leonard Episcopo_
Eric Leonard Episcopo (#2258)
First Assistant County Attorney
87 Reads Way
New Castle, DE  19720
302-395-5135


Dated:     May 23, 2008