IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Tonia Dixon,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A.No. 08-CV-85 SLR |
| | : | |
| **New Castle County** | : | |
| | : | |
| **Defendant.** | : | |

**PROPOSED RULE 16 SCHEDULING ORDER**

At Wilmington this ____ day of July 2008, the parties having satisfied their obligations under Fed.R.Civ.P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed.R.Civ.P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

**1. Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 within  10  days.

**2. Discovery.**

   **(a)** Discovery will be needed on the following subjects:

   **Plaintiff's Statement:**

      1. Whether plaintiff falls within the scope of the protections of the ADA, DHPEPA and FMLA.

      2. Defendant's treatment of plaintiff.

      3. Whether defendant refused to provide plaintiff with a reasonable accommodation.

4. Whether defendant required a 'no restrictions' release from plaintiff's physician before allowing her to return to work.

5. Defendant's policies, practices and customs regarding reasonable accommodations as required under the ADA and the DHPEPA.

6. Defendant's policies, practices and customs regarding FMLA protections and claims.

7. Defendant's treatment of individuals similarly situated to plaintiff.

8. All personnel and medical documents related to plaintiff.

9. All notices from Risk Management regarding plaintiff.

10. All correspondence between Dr. Thomas or Omega and defendant concerning plaintiff.

11. Whether plaintiff has been injured as a result of defendant's action.

12. Whether plaintiff is entitled to compensatory damages.

13. Whether defendant willfully violated plaintiff's rights under the FMLA, ADA and DHPEPA.

14. Whether plaintiff is entitled to liquidated damages.

15. Whether plaintiff is entitled to reasonable attorneys' fees and costs.

**Defendant's Statement:**

1. All of the items listed by the plaintiff, above.

2. Plaintiff's medical history.

3. Plaintiff's employment history.

4. Plaintiff's history of work-related injuries or claims

     5.  Plaintiff's history of litigation or claims.

**(b)** All discovery shall be commenced in time to be completed by  January 7, 2009.

**(c)**  Maximum of 25 interrogatories by each party to any other party.

**(d)** Maximum of 50  requests for admission by each party to any other party.

**(e)** Maximum of 15 depositions by plaintiff and 15 for all the defendants, except experts.

 **(f)** With the exception of the parties, each deposition will be limited to a maximum of  7 hours unless extended by agreement of parties.

**(g)** Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by  November 4, 2008.   Rebuttal expert reports due by November 21, 2008.

**(h)(1) Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

_____**3. Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before August 1, 2008.

   **4. Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

    **5. Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before  January 21, 2009.   Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

    **7. Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D.Del. LR 7.1.1.**

    **8. Motions in Limine**. All motions in limine shall be filed on or before **[two weeks before pretrial conference]**. All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

    **9. Pretrial Conference**. A pretrial conference will be held on _____ at _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

    **10. Trial**. This matter is scheduled for a  5   day jury trial commencing on _____ in courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of _____ hours in which to present their respective cases.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE

Dixon, Tona / Docket / pre-trial / Proposed Rule 16 Scheduling Order.final